UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L&W, Inc.,

       Plaintiff,

                                          Case No. 01-73892
v.                                          Hon. John Corbett O'Meara

SHERTECH, INC., and
STEVEN SHERIDAN,

       Defendants.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING PLAINTIFF'S CLAIM OF INEQUITABLE CONDUCT

      Plaintiff L&W, Inc. filed this suit against defendants Shertech, Inc. and Steven Sheridan, seeking a declaratory judgment regarding claims of patent invalidity, unenforceability, and noninfringement, as well as claims for fraud or innocent misrepresentation. Defendants filed counterclaims for patent infringement and breach of contract. The court granted summary judgment for Defendants on the patent infringement counterclaim in an opinion and order dated August 12, 2004. The remaining claims were tried before a jury in a trial commencing May 3, 2005. The court directed a verdict against Defendants on their breach of contract counterclaim.

      On May 19, 2005, the jury reached a verdict, finding that one of Defendants' patent claims was valid and awarding damages for infringement in the amount of $838,179.93. The jury also awarded damages to Plaintiff for Defendants' fraud or innocent misrepresentation in the amount of $194,486.50. Still pending before the court is Plaintiff's claim of patent unenforceability on the basis of inequitable conduct. This is a matter of equity for a court and not a jury to decide. The court, having heard evidence and argument regarding Sheridan's alleged inequitable conduct in a bench trial on July 6, 2005, makes the following findings of fact

and conclusions of law.

## **Findings of Fact**

1. Defendant Steven Sheridan, while working for ATD Corporation, assisted in the development of a multilayered heat shield for use in the 1993 Jeep Cherokee. This heat shield was initially planar, but flexed into a nonplanar shape when laid over a shaped object.

2. The design used for the 1993 Jeep Cherokee was protected by United States Patent Number 5,011,743 ("the '743 patent).

3. Sheridan filed an application for a patent for a pre-formed, one-piece, bent, multilayered heat shield on May 10, 1994. This application was eventually abandoned. The patent examiner determined that the application's claims were unpatentable over the '743 patent in view of another patent which covered a multilayered heat shield with a curved bend.

4. Sheridan filed a continuation-in-part application for a patent for the multi-layered heat shield on September 5, 1995. This application was eventually successful and resulted in the issuance of United States Patent Number 5,670,264 ("the '264 patent").

5. Sheridan knew that the Jeep Cherokee heat shield was protected by the '743 patent when he filed these patent applications.

6. Sheridan disclosed the '743 patent to the U.S. Patent Office during the prosecution of both patent applications.

**Conclusions of Law**

1. A court, using its equity powers, can make a determination that a patent holder's conduct in prosecuting a patent is so culpable that the patent should not enforced. <u>LaBounty Mfg. Inc.v. United States Int'l Trade Comm'n</u>, 958 F.2d 1066, 1070 (Fed. Cir. 1992). This is commonly called a finding of inequitable conduct.

2. A patent applicant and the applicant's attorney have a continuing duty of candor to inform the U.S. Patent Office of information material to the issues of patentability, including material prior art and material existing patents. 37 C.F.R. § 1.56.

3. To succeed on a claim of inequitable conduct, Plaintiff must first by clear and convincing evidence establish that material information was not disclosed to the patent office. <u>Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.</u>, 863 F.2d 867, 872 (Fed. Cir. 1988). Plaintiff argues that although the '724 patent was disclosed to the patent office, a physical embodiment of the patent in the form of a heat shield was not disclosed to the patent office. In the bench trial on July 6, Plaintiff did not present evidence which established that the physical embodiment of the heat shield was not disclosed to the patent office. As such, Plaintiff has not met its burden of proving by clear and convincing evidence that Sheridan or his attorney withheld material information from the patent office.

4. Even if the heat shield was not disclosed to the patent office, it would have been cumulative and not material information. The patent itself was disclosed, and the patent made clear that the heat shield was flexible and could be bent into place.

5. If applicant failed to disclose material information, Plaintiff must further establish by

clear and convincing evidence that the applicant or his attorneys intended to deceive the patent office.  Id.  The evidence in the record before this court does not establish by clear and convincing evidence that Sheridan or his attorney intended to deceive or mislead the patent office.

The court concludes that the '264 patent is not unenforceable because of Defendants' inequitable conduct.  So ordered.


Date: August 01, 2005                                              s/John Corbett O'Meara
                                                                   John Corbett O'Meara
                                                                   United States District Judge