UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L&W, INC.,

    Plaintiff,

                                                                          Case No. 01-73892

v.                                                                 Hon John Corbett O'Meara

SHERTECH, INC. and
STEVEN W. SHERIDAN

    Defendants.
_____/

## OPINION AND ORDER REGARDING POST-TRIAL MOTIONS

The parties filed a number of post-trial motions in this patent dispute. The court, having reviewed the submissions of the parties and having heard oral argument on September 22, 2005, and is now prepared to rule on these motions.

### I.  Cross Motions for Judgment as a Matter of Law

The jury found that claim 7 of the U.S. Patent No. 5,670,264 patent was valid, while claims 1, 4, 6, and 10 were invalid. Claim 7 is an independent claim, and claim 10 is a dependent claim that depends upon claim 7. The parties agree that it is legally impossible for claim 7 to be valid but claim 10 to be invalid.

L&W asks the court to enter judgment as a matter of law that claim 7 was invalid, or alternatively, order a new trial. Shertech asks that the court enter judgment as a matter of law that claim 10 was valid, or alternatively, order a new trial. When special verdict findings appear inconsistent, a judge should attempt to read the verdicts to reconcile them if at all possible. This does not seem possible in this case. In many circuits, inconsistent special verdict forms often result in new trials. See 9A Charles Alan Wright & Arthur Miller, Federal Practice and

Procedure § 2510.  In the Sixth Circuit, however, case law exists holding that if a party does not raise an objection to an inconsistent verdict before the jury is discharged, the objection is waived.  Central On Line Data Systems, Inc. v. Filenet Corp., Nos. 95-1016, 95-1054, 1996 WL 483031 (6th Cir. Aug. 23, 1996); Catalina v. City of Columbus, Nos. 88-4187, 88-4089, 1989 WL 123240 (6th Cir. Oct. 17, 1989).  Shertech cites two unpublished decisions for this point, and L&W cites an earlier unpublished Sixth Circuit opinion against this point.  Holloway v. McIntyre, Nos. 86-1001, 86-1898, 1988 WL 7961 (6th Cir. Feb. 4, 1988).  While the law of waiver is not completely clear in the Sixth Circuit, the more recent unpublished opinions found waiver.  Published opinions in a number of other circuits have also found a party waived the inconsistent verdict objection by failing to make it before the jury was discharged.  See 9A Wright & Miller § 2510; Central On Line Data Systems, Inc., 1996 WL 483031 at *11.

      The court believes that in this case, equity dictates that both L&W and Shertech waived the inconsistency argument.  The jury verdict was read, the jury was polled, and then the court asked each side if they wanted the record to reflect anything else.  L&W had a sufficient chance to object to the inconsistency in the verdict before the jury was dismissed.  Whether or not there is substantial Sixth Circuit law on point, the policy of conserving judicial resources counsels toward a finding that L&W waived its objection.  The last trial was almost three weeks long and covered a number of complicated themes.  It would be quite an undertaking to retry the entire case to a new jury, then face an appeal and a potential third trial.  The jury was likely mistaken about the relationship between claims 7 and 10 in this case, but their verdict shows a clear intent to find at least part of the patent valid.

      L&W also argues that the verdict should be overturned because claim 7 is virtually indistinguishable from claim 1.  This is not the case, however.  Claim 1 deals with the term

"biased toward" and claim 7 deals with "in-plane stress." The two terms are related in this patent, but they are not identical. Both claims 1 and 7 are independent claims, and a jury could reasonably find one to be valid and one invalid.

Finally, L&W's argument relying on the court's recent finding that U.S. Patent No. 5,011,743 disclosed a flexible heat shield as dispositive in this case is unavailing. First, that finding was an alternative finding that could be considered unnecessary dicta. Moreover, even if the '743 patent disclosed a flexible heat shield, a reasonable jury could still find that the '264 patent was valid. The existence of the '743 patent does not foreclose the issuance of the '264 patent.

Shertech's cross motion to enter judgment as a matter of law that claim 10 is valid will also be denied as waived.

## II.  Shertech's Motion for Entry of Judgment

The net jury award to Shertech was $643,693.43. Shertech asks that the court enter judgment in that amount. L&W does not object. Shertech further claims that it is entitled to pre-judgment interest from October 15, 2001 through the date of the verdict, which it calculates as $112,243.97. L&W objects, claiming that pre-judgment interest was already included in the jury verdict.

In Shertech's opening argument, counsel noted that pre-judgment interest would be requested, and Shertech's damages expert included pre-judgment interest in his testimony. Despite Shertech's requests that the jury consider pre-judgment interest, Shertech argues that notes from the jury to the judge make clear that the jury did not consider pre-judgment interest. In a first note, the jury indicated they could not agree on a reasonable royalty. A second note

read "When we fill in the monetary amount for damages in claim 1, with the court prorate the money based on our royalty percentage?  We are concerned that the royalty be applied to the entire amount from the sales to date.  Do we put in the royalty percent or the dollar amount?  Should we base the dollars on $26,019,312 from Shertech's number – Shertech's Exhibit 184 or on $27,230,022 based on L&W's [Exhibit] 123?"  In response, the court advised the jury to put in a dollar amount for the royalty and not to prorate anything.  The court further advised the jury to use the $26,019,312 figure to calculate the reasonable royalty.

Shertech claims that neither of the two notes indicated that the jury was considering pre-judgment interest.  This is true, but they also do not indicate that the jury was *not* considering pre-judgment interest.  Shertech argues that the jury's award was exactly 3.2% of $26,019,312.  3.2% is at about the midpoint of the two parties' damages experts, who argued for royalties of 1.5% and 5%, respectively.  As such, Shertech claims that the jury must not have considered pre-judgment interest and simply multiplied the sales figure by a reasonable royalty of 3.2%.  The court is unwilling to engage in the mind reading exercise advocated by Shertech.  The jury may well have factored potential pre-judgment interest in to their understanding of a reasonable royalty.  Their determination of damages will stand.  The parties agree that Shertech is entitled post-judgment interest at a rate of 4.5%.

### III.  L&W's Objection to the Entry of Costs

Shertech, claiming it is the prevailing party, asks the court to tax costs in the amount of $3,009.48.  On August 18, 2005, the clerk's office filed an order taxing costs for this amount.  L&W filed an untimely objection to the taxation of costs on August 29, 2005.  The objection correctly noted that judgment had not yet been entered in this case, and that the clerk's office

apparently mistook the docketed jury verdict form for an order of final judgment. L&W further argues that Shertech is not the prevailing party because both sides prevailed on their claims.

The district court has considerable discretion to determine who is a prevailing party and whether costs are warranted in any case. See Fed. R. Civ. P. 54(d); Manildra Mill Corp. v. Ogilve Mills, Inc., 76 F.3d 1178 (Fed Cir. 1996); U.S. Plywood Corp. v. General Plywood Corp., 370 F.2d 500, 508 (6th Cir. 1966); Brunswick-Balke-Collender Co. v. American Bowling & Billiard Corp., 150 F.2d 69, 74 (2d Cir. 1945). In this case, both sides prevailed on a portion of their claims. The court determines that neither side is a prevailing party for the purposes of taxing costs.

## IV. Shertech's Motion for Permanent Injunction

Shertech seeks a permanent injunction precluding L&W from making, producing, servicing, and selling its infringing heat shields to Tenneco, Ford, Inergy or any other entities. Pursuant to 35 U.S.C. § 283, a court may grant an injunction to prevent the violation of patent rights pursuant to 35 U.S.C. § 283. The general rule is that an injunction should be granted after a successful patent infringement suit, unless there is a good reason not to grant one. Richardson v. Suzuki Motor Co., Ltd., 868 F.2d 1226, 1246-47 (Fed. Cir. 1989); W.L. Gore & Associates, Inc. v. Garlock, Inc., 842 F.2d 1275, 1281 (Fed. Cir. 1988).

The four equitable factors to consider regarding permanent injunctions - irreparable harm, inadequate remedy at law, the public interest, and the balance of hardships - weigh in favor of Shertech. Irreparable harm is presumed where validity and continuing infringement are established. Smith Int'l, Inc. v Hughes Tool Co., 718 F.2d 1573, 1581 (Fed. Cir. 1983). Money damages would be inadequate because continuing infringement would require Shertech to

constantly bring enforcement actions. The balance of hardships favors Shertech, and the public interest favors enforcement of intellectual property rights.

Injunctions should be properly tailored to the circumstances. <u>Carborundum Co. v. Molten Metal Equipment Innovations, Inc.</u>, 72 F3d. 872, 881 (Fed. Cir. 1995). As such, an injunction should not prevent L&W from servicing infringing heat shields that have already been sold. Shertech has already been compensated for their sale with money damages. L&W also argues that the injunction that bars them from selling "any product which infringes the '264 patent" is too broadly worded, and an injunction should be more specifically worded to the 16 heat shields at issue in this case. Shertech agrees that the injunction should reference the 16 products.

## **V.  L&W's Motion to Stay Any Injunction**

L&W moves for a stay of the injunction pending appeal, pursuant to Fed. R. Civ. P. 62(c). L&W has demonstrated that it has a substantial chance of prevailing on appeal. Moreover, the balance of hardships favors granting the stay. Because L&W is contractually obligated to provide infringing heat shields to its customers, its business will certainly be hurt if it is precluded from selling the infringing heat shields. Shertech and Sheridan are no longer in the heat shield business, so harm to them is minimal if L&W's continues to sell the heat shields, particularly if Shertech and Sheridan can ultimately collect a royalty at a rate consistent with the jury's damages verdict.

Accordingly, **IT IS HEREBY ORDERED** that L&W's August 1, 2005 Motion for Judgment as a Matter of Law, or Alternatively, for a New Trial Pursuant to Fed. R. Civ. P. 50(b)(1) is **DENIED**.

**IT IS FURTHER ORDERED** that Shertech's August 15, 2005 Motion for Judgment as a Matter of Law is **DENIED**.

**IT IS FURTHER ORDERED** that Shertech's August 5, 2005 Motion for Entry of Judgment is **GRANTED IN PART** and **DENIED IN PART**.  A judgment for Shertech in the amount of $643,693.43 will be entered in a separate document

**IT IS FURTHER ORDERED** that neither party shall be awarded costs.

**IT IS FURTHER ORDERED** that Shertech's August 5, 2005 Motion for Permanent Injunction is **GRANTED**.  L&W is prohibited from making, producing, or selling any of the sixteen heat shields that were found to infringe Shertech's patents.

**IT IS FURTHER ORDERED** that the permanent injunction is **STAYED** pending appeal.  If Shertech prevails on appeal, L&W shall pay Shertech a reasonable royalty for any infringing heat shield sold after the jury verdict was entered.  The royalty, if any, shall be consistent with the jury's award of damages.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  September 28, 2005